**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                          )
ROBERT M. LEVINE,                         )
                                          )
            Plaintiff,                    )
                                          )
      v.                                  )      Civil Action No. 16-0463-EGS
                                          )
FEDERAL BUREAU OF PRISONS *et al.*,       )
                                          )
            Defendants.                   )
_____          )

**MEMORANDUM OPINION**

Plaintiff, a federal prisoner appearing *pro se*, seeks review under the Administrative

Procedure Act ("APA") of the Bureau of Prisons' ("BOP") refusal to recommend him for a

sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). Defendants have moved to dismiss

under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule

12(b)(6) for failure to state a claim upon which relief can be granted [Dkt. # 10]. Upon

consideration of the parties' submissions, and for the reasons explained below, the Court will

grant defendants' motion to dismiss under Rule 12(b)(6).

## I. BACKGROUND

In the direct appeal of plaintiff's criminal case, the U.S. Court of Appeals for the Seventh

Circuit summarized plaintiff's convictions as follows:

> Not too long after the Seventh Day, two brothers, Cain and Abel, were in a
> field. Cain attacked Abel—and killed him. Although life today is different than
> it was a generation removed from Eden, some things remain the same. In this
> case, Robert Levine hired an assassin to kill his brother, Donald Levine, and to
> kill Donald's family. The assassin killed Donald and his wife Marsha, and tried
> to kill Donald's son Mark. Robert Levine was convicted of one count of
> conspiring to use interstate commerce to effect murder for hire and of four

counts of using interstate commerce to effect murder for hire. 18 U.S.C. §§ 371, 1958.

*United States v. Levine*, 5 F.3d 1100, 1102 (7th Cir. 1993).  Plaintiff is serving multiple life sentences imposed by the U.S. District Court for the Northern District of Indiana on October 18, 1991.  *See* Defs.' Ex. 1 [Dkt. # 10-2].

On January 8, 2014, at age 72, plaintiff asked BOP to file a motion in the sentencing court to reduce his prison sentence pursuant to 18 U.S.C. § 3582(c), the so-called compassionate release statute.  The statute provides in relevant part:

(c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

On March 7, 2014, BOP denied plaintiff's request as follows:

This is in response to your Inmate Request to Staff dated January 8, 2014, wherein you are requesting to be considered for early release pursuant to 18 U.S.C. 3582 (C)(1)(A). You state you are eligible for a Compassionate Release/Reduction in Sentence because you are 72 years old and have completed 22 years of your Life sentence. You state your age related chronic/serious medical conditions are the following: heart condition, thyroid/

par-thyroid, kidney, liver, lungs, skeletal structure, eyes, feet, shoulders and mental deterioration .

A thorough review of your request was completed. Utilizing Program Statement 5050.49, <u>Compassionate Release/Reduction in Sentence</u>: Procedures for Implementation of 18 U.S.C.3582(c)(1) (A) and 4205(g), dated August 12, 2013, it has been determined that you do not meet the criteria under Elderly Inmates with Medical Conditions. You are currently serving a Life sentence for Conspiracy to Use Interstate Commerce to Effect a Murder For Hire, and having served 22 years of a Life sentence does not meet the 50% term of imprisonment. Additionally, your current medical conditions are not considered extraordinary or compelling circumstances that could not reasonably have been foreseen by the court at the time of sentencing.

Compl. Ex. 1.  Plaintiff exhausted his administrative remedies, *see* Compl. at 5-6, and filed this civil action in March of 2016.

## II.  ANALYSIS

### A.  Subject Matter Jurisdiction

Whether questioned or not, a court must be assured of its jurisdiction to hear a claim.  *See* Fed. R. Civ. P. 12(h); *Richardson v. Am. Sec. Mortg. Corp*., 866 F. Supp. 2d 35, 37 (D.D.C. 2012) ("Jurisdiction is a threshold issue that must be resolved before the merits of the case may be considered.").  Defendants advance three arguments for dismissal under Rule 12(b)(1), none of which is persuasive.

First, contrary to what defendants seem to suggest, *see* Defs.' Mem at 9-12, the D.C. Circuit has explained that "[t]he jurisdiction of the district court [does] not depend upon the APA, which 'is not a jurisdiction-conferring statute.' " *Oryszak v. Sullivan*, 576 F.3d 522, 524 (D.C. Cir. 2009) (quoting *Trudeau v. FTC*, 456 F.3d 178, 183 (D.C. Cir. 2006)).  Rather, jurisdiction is derived from 28 U.S.C. § 1331, which generally confers original jurisdiction in the district courts to review agency action.  *See id*.at 524-25.

Second, the Court does not agree that plaintiff must pursue a habeas remedy.  *See* Defs.'
Mem. at 1-2, 12.  The D.C. Circuit has made clear that "a federal prisoner need bring his claim in
habeas only if success on the merits will 'necessarily imply the invalidity of confinement or
shorten its duration.' "  *Davis v. U.S. Sentencing Comm'n*, 716 F.3d 660, 666 (D.C. Cir. 2013)
(quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)).  "Otherwise, he may bring his claim
through a variety of causes of action."  *Id.*  In the situation here, a § 3582 motion from the BOP
Director merely gets the issue before the district court, "which . . . retains the discretion to deny"
the sentence reduction.  *Id.* (citing 18 U.S.C. § 3582(c)(2)).  Thus, as applicable here, plaintiff's
success in this action would not necessarily shorten the duration of his sentence.

Third, defendants contend that plaintiff lacks standing, *see* Defs.' Mem. at 12-14, which
"is a defect in subject matter jurisdiction."  *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir.
1987).  But plaintiff has sufficiently alleged a concrete and particularized injury fairly traceable
to BOP, *see* Compl. at 3, to survive the instant motion.  For "[a]t the pleading stage, 'general
factual allegations of injury resulting from the defendant's conduct may suffice,' and the court
'presum[es]' that general allegations embrace the specific facts that are necessary to support the
claim."  *Sierra Club v. E.P.A.*, 292 F.3d 895, 898–99 (D.C. Cir. 2002) (quoting *Lujan v.
Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

Satisfied that it has the power to entertain plaintiff's claim, the Court turns now to the
viability of plaintiff's claim.

## B.  Failure to State a Claim

"The judicial review provisions of the APA, 5 U.S.C. §§ 701-706, provide 'a limited
cause of action for parties adversely affected by agency action.[,]' " but they expressly exclude
decisions "committed to agency discretion by law[.]" *Oryszak*, 576 F.3d at 525; 5 U.S.C. § 701

(a)(2).  As a result, "a plaintiff who challenges such an action cannot state a claim under the APA."  *Oryszak*, 576 F.3d at 525

Plaintiff focuses on BOP's statement that his "current medical conditions [were] not considered extraordinary and compelling circumstances."  Compl. Ex. 1; *see* Compl. at 2.  But BOP's primary reason, which plaintiff fails to acknowledge, is that he did not meet the criteria under subparagraph (ii) of the compassionate release statute because "having served 22 years of a Life sentence does not meet the 50% term of imprisonment."  Compl. Ex. 1.  Nor did that length of time satisfy the statute's minimal requirement of "at least 30 years [served] in prison." § 3582(c)(1)(A)(ii).[1]  Regardless, courts have overwhelmingly concluded that BOP "has broad discretion in its decision to move the court for a sentence modification under § 3582(c)(1)(A)(i)," and such decisions are not "judicially reviewable."  *Crowe v. United States*, 430 Fed. App'x 484, 485 (6th Cir. 2011) (per curiam) (citing cases); *accord Chu v. Hollingsworth*, No. CIV.A. 14-4598 RMB, 2014 WL 3730651, at *3 (D.N.J. July 28, 2014) (collecting cases).  Plaintiff has offered nothing to compel a different result.

## III.  CONCLUSION

For the reasons stated above, the Court concludes that no claim has been stated under the APA; therefore, it grants defendants' motion to dismiss under Rule 12(b)(6).  A separate order accompanies this Memorandum Opinion.

SIGNED:     EMMET G. SULLIVAN
UNITED STATES DISTRICT JUDGE

DATE:  March 27, 2017

---

[1]  For this reason alone, the complaint could not survive a merits review.  The APA authorizes a "reviewing court [to] 'hold unlawful and set aside agency action, findings, and conclusions found to be . . .  arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.' "  *Brennan v. Solis*, 934 F. Supp. 2d 297, 305 (D.D.C. 2013), quoting *Ludlow v. Mabus*, 793 F. Supp. 2d 352, 354 (D.D.C. 2011) (quoting 5 U.S.C. § 706(2)(A)).  The fact that plaintiff had not served the statutory minimum prison time when he made his request is fatal to his claim.